[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, the plaintiffs appeal from a condemnation and an assessment of damages filed by the defendant of February 7, 1990. The assessment assessed damages for premises situated in the Town of Windsor, County of Hartford and State of Connecticut, on the northwesterly side of Present West Wolcott Avenue, Putnam Highway, and bounded:
SOUTHEASTERLY: — by Present West Wolcott Avenue, Putnam Highway, 103.10 feet;
WESTERLY: — by land now or formerly of Bronislaus Borawski et al, 126.79 feet;
SOUTHERLY — by land now or formerly of Bronislaus Borawski et al, 118.46 feet ;
SOUTHWESTERLY — by land now or formerly of Joseph A. Campisi et al, 339.54 feet;
NORTHWESTERLY — by land now or formerly of Saint Gertrude's Church Corporation, 164.39 feet;
NORTHEASTERLY — by lands now or formerly of Thomas J. Pelati et al, of Edward A. Stankerich et al, of Edward J. Szczuk et al, of Salvatore Scala, et al, of Leah H. Karstensen and of George Farguit Arson et al, each in part, a total distance of 411.96 feet;
NORTHERLY — by land now or formerly of George Farguit Arson et al, 47.04 feet;
EASTERLY — by land now or formerly of George Farguit Arson et al, and of the State of Connecticut, each in part, 48.26 feet. CT Page 2698
And said parcel contains 1.50 acres, more or less, together with all buildings and appurtenances, being the same premises as those contained in a Warranty Deed dated November 30, 1987, and recorded in Volume 669 at Page 41 of the Windsor Land Records.
The property in question is more particulary shown on a certain map entitled "Town of Windsor, Map Showing Land Aquired [Acquired] from Ralph K. Dewey, et al by The State of Connecticut, Interstate Route 91, Scale 1=40', Robert W. Gubala, Transportation Chief Engineer, August 1989" which was entered into evidence as defendant's Exhibit 2.
In its assessment, the defendant determined the amount of compensation to be $77,000 and the plaintiffs have received that sum of money.
In the course of the hearing, the Court heard testimony and received a report from the appraiser presented by the plaintiffs, Benjamin D. Congdon and heard testimony and received a report from the appraiser presented by the defendant, George O'Connell. Both appraisals used the comparable sales approach in their appraisals. The Court, in the company of both counsel viewed the subject property as required by the Statute.
The front part of the condemned property is zoned "R-11" and the rear is zoned "AA".
The owner of land taken by condemnation is entitled to be paid just compensation. Conn. Const. Art. I, SEC. 11.
The appraiser for the plaintiff estimated the damages to the property as of the date of taking to be $132,500. The essence of his reasoning for the value of his appraisal is based on his interpretation of the Windsor zoning requirements — that this one lot of the plaintiffs can be divided into two lots — a lot for a two-family, owner-occupied house in the front and a "flag" lot for the rear of the property.
The appraiser for the defendant estimated the damages to the property of the plaintiffs as of the date of taking to be $77,000. He testified that the highest and best use of the property in question is one oversized lot for an owner-occupied, two-family house and a variance was granted by the Windsor Zoning Board for that purpose.
However, the plaintiffs were denied a 21-foot set back and a non-owner occupancy in a subsequent application for a variance. CT Page 2699
"Under our law, a state referee sitting as a court on appeals in condemnation cases is more than just a trier of fact or an arbitrator of differing opinions of witnesses. He is charged by the General Statutes with the duty of making determination of value and fair compensation in the light of all circumstances, the evidence, his general knowledge and his viewing of the premises." Birnbaum v. Ives, 163 Conn. 12, 21-22 (1972)
In this case, the court viewed the subject premises, heard all the witnesses presented by both parties, studied the appraisal reports and is, in this decision, making his own determination of the value of the subject premises. It is the opinion of the Court that it is more probable than not that the Windsor Zoning Commission will not grant a variance to divide the one piece of property into two lots, the front lot to permit the construction of a non-owner-occupied, two-family house and a "flag" lot with a 25-foot passageway into the rear lot.
Therefore, judgment may enter for the plaintiffs in the amount of $95,000 less the amount of $77,000 already paid or the net sum of $18,000 plus statutory interest from the date of taking to the date of paying set net sum, together with a stipulated appraisal fee for plaintiffs' appraiser in the amount of $2,000 plus costs.
HAROLD M. MISSAL, STATE TRIAL REFEREE